# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

**ROCKY WATERS MOTOR INN, LLC,**

  **Plaintiff,**

v.

**THE TRAVELERS INDEMNITY COMPANY OF AMERICA,**

  **Defendant.**

No: 3:19-cv-00006
**JURY DEMANDED**

**Chief District Judge Varlan**
**Magistrate Judge Guyton**

## REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), the parties jointly submit this report describing their proposed discovery plan, trial preparation deadlines, and describing the issues discussed by the parties during their Rule 26(f) planning meeting.

1. The following persons participated in the Rule 26(f) conference on March 13, 2019 via telephone. In attendance were Clinton H. Scott, counsel for Plaintiff, and Brian Devilling, counsel for Defendant.

2. **Initial Disclosures**. The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) within ten (10) days of the Rule 26(f) conference.

3. **Discovery Plan**. The parties propose the following discovery plan:

  (a) Discovery will be needed on all matters pertaining to the allegations in the Complaint and the issues raised in the defenses.

  (b) Disclosure or discovery of electronically stored information should be handled as follows: Parties agree to preserve all electronic communications, including but

not limited to electronic mail. Unless otherwise agreed upon, the parties may disclose/produce ESI in hardcopy or static form (e.g., searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

(c) If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

(d) All discovery, including the taking of all depositions for evidence, shall be completed within ninety (90) days before trial. Written discovery shall be served at least 45 days before the deadline to complete discovery to allow sufficient time for response.

The parties agree that electronic service of discovery requests, responses and document production is sufficient to comply with service under the Federal Rules of Civil Procedure and the Local Rules of this Court. Parties will need to request hard copies of any discovery requests, responses or document production.

i. Maximum number of interrogatories by each party to another party is 30. A party has 30 days after service to respond to the interrogatories.

        ii.       Maximum number of requests for admissions is 30. A party has 30 days after service to respond to the requests for admissions.

        iii.      The maximum number of depositions for each party will be seven (7). (This does not include disclosed experts). Each deposition will last no more than seven (7) hours.

    (e)      Disclosure of experts under Rule 26(a)(2) due:

        1.       From plaintiff no later than one hundred and fifty (150) days before trial.

        2.       From defendant no later than one hundred and twenty (120) days before trial.

        3.       Any rebuttal experts shall be designated within thirty (30) days after a party's disclosures.

        4.       Any Daubert motions shall be filed no later than ninety (90) days before trial or they shall be deemed waived.

    (f)      Supplementation under Rule 26(e) shall be due no later than ninety (90) days before trial.

4.    Other Scheduling Matters:

    (a)      The parties discussed and agree to the deadlines established by the Court in the Scheduling Order regarding deadlines for pretrial conferences.

    (b)      The parties request a pretrial conference 14 days before trial.

    (c)      The deadline for parties to amend pleadings and join parties is at least one-hundred and fifty (150) days before trial.

    (d)      The dispositive motion deadline is no later than one-hundred and fifty (150) days before trial.

(e) Pre-Trial disclosures shall be governed by Rule 26(a)(3) of the Federal Rules of Civil Procedure and be made pursuant to the Scheduling Order.

(f) The parties do not consent to trial by the Magistrate Judge.

(g) The parties expect this jury trial to last **five (5)** days.

Jointly Submitted By:

**GILBERT McWHERTER
SCOTT BOBBITT PLC**


s/ Clinton H. Scott
CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
54 Exeter Rd., Suite D
Jackson, Tennessee 38305
(731) 664-1340

JONATHAN L. BOBBITT #23515
jbobbitt@gilbertfirm.com
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
(615) 354-1144

*Attorneys for Plaintiff*

**SPICER RUDSTROM, PLLC**

s/Douglas R. Bergeron w/permission by Clint Scott
DOUGLAS R. BERGERON #017881
dbergeron@spicerfirm.com
CLINT J. WOODFIN #016346
cjw@spicerfirm.com
800 South Gay Street, Suite 1400
Knoxville, TN 37929
Phone: 865-244-4664

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

       I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's electronic filing system, to all counsel of record on this the 13th day of March 2019.

Douglas R. Bergeron
dbergeron@spicerfirm.com
Clint J. Woodfin
cjw@spicerfirm.com
Spicer Rudstrom, PLLC
800 South Gay Street, Suite 1400
Knoxville, TN 37929

                                                s/Clinton H. Scott

5
Case 3:19-cv-00006-DCLC-HBG   Document 10   Filed 03/13/19   Page 5 of 5   PageID #: 66