| | |
|---|---|
| **From:** | Mahavir Patel |
| **To:** | Brandon McWherter; Chuck Howarth; Hank |
| **Subject:** | Fwd: BMM1071 - Days Inn Bad Faith Demand |
| **Date:** | Friday, September 7, 2018 5:19:07 PM |

I received this from Travelers..
---------- Forwarded message -=-------
From: **Sutherlan=,Paul J** <PJSUTHER@travelers.com>
Date: Fri, Sep 7, 2018 at 6=15 PM
Subject: BMM1071 - Days Inn Bad Faith Demand
To: Mahavir Patel=<mahavircpatel@gmail.com=gt;

Dear Mr. Mahavir Patel,

We are responding to your attached email dated Septe=ber 3, 2018.

Please note that the loss adjustment for the smoke d=mage claim was based on the Xactimate estimate, which represented the agre=d scope of damages between Travelers (The Travelers Indemnity Company of A=erica) and prior Public Adjuster Chris Cowan of First Call Claims. The Xactimate estimate included a =cope of repairs, which included the professional cleaning and painting of =ertain portions of the motel. Our subsequent inspection of the motel=building confirmed the professional cleaning and painting, which were detailed within the Xactimate estimate, have not =een performed. Additionally, Travelers has not received any invoicin=, which would document those cleaning and painting repairs were completed.=C2� Inspection also confirmed the motel continues to rent all of their motel rooms to guests.

More recently, you retained representation of your c=aim through Public Adjuster Chuck Howarth of the Howarth Group. Befo=e presenting any damage amounts to Travelers, Mr. Howarth informed Travele=s that he intended to represent your interests as your appraiser. I explained to Mr. Howarth that it was unclear to=Travelers what damage amounts Mr. Howarth was disputing.

At a later date, Mr. Howarth submitted a Xactimate e=timate from FBS (Forensic Building Science, Inc.). The estimate was =ccompanied by a report completed by IH (Industrial Hygienist) Neil Carlson=of N.G. Carlson Analytical, Inc. Although Mr. Carlson did not inspect the building, he completed his IH report based=on questionable test samples obtained by General Contractor FBS.=/u>

In our effort to validate the additional damages rep=rted, we coordinated an on-site inspection

of the motel. Accompanied by IH Sherman Woodson of S&ME, Inc. along with Construction Consultant Wesley Bolick of DND Construction Services, we inspected the motel. Although we scheduled our inspection through Mr. Howarth, neither Mr. Howarth nor his selected experts elected to join us on-site during the inspection process.

Mr. Woodson completed his review of IH Neil Carlson's report and inspected the motel for smoke and smoke odor. Mr. Woodson's report was previously provided to you. Contrary to your allegation that Travelers would not allow Mr. Woodson to obtain samples from the motel – the decision to obtain or not obtain samples was made solely at the discretion of Mr. Woodson.

Please note the appraisal process is intended to address differences in the valuation of property damages. Appraisal is not appropriate to determine the existence of damage or resolve questions of coverage or causation. As explained in our prior letter, dated August 22, 2018, your request for appraisal is respectfully denied.

Regards,

Paul Sutherland

**Paul J. Sutherland, CPCU, CHFC**

**General Adjuster | Business Property Insurance | Major Case Unit**

The Travelers Companies

One Tower Square MS06-A

Hartford CT 06183

C: (443) 610-2022   F: (877) 864-5559

pjsuther@travelers.com



*If further assistance is required, p=ease contact Barry Morihlatko  @ bmorihla@tra=elers.com*

From: Mahavir Patel [mailto:mahavircpatel@gmail.c=m]
**Sent:** Monday, September 03, 2018 10:45 AM
**To:** Sutherland,Paul J <PJSUTHER@travelers.com>
**Subject:** BMM1071 - Days Inn Bad Faith Demand

The Travelers Indemnity Company of America

Attn:  Paul J. Sutherland

PJSUTHER@t=avelers.com

        �=A0   Re:        C=aim No.           =BMM1071

       �=A0           =C2�     Date of Loss:    =C2� November 28, 2016

       �=A0           =C2�     Loss Location:    Days=Inn

        �=A0          =C2�         �=A0         =C2�          �=A0 324 Hemlock St., Gatlinburg, TN

Dear Mr. Sutherland,

         �=A0          =C2�        �=A0         =C2�         �=A0

      We are in receipt =f your letter of August 22, 2018 in response to our Appraisal demand and f=rther claim submission, and are disturbed by Travelers' decision to di=allow us our right to Appraisal in the policy.  Since the Days Inn was thoroughly surface cleaned as provided for in your =nitial settlement scope, we have experienced numerous complaints of smoke =dor that has impacted our business and we continue to struggle with the ne=d for excessive cleaning and deodorization costs.   It is rather obvious that the scope allowed by Travelers (a =imple cleaning) was not sufficient to restore the property to pre-loss con=ition. 

         Because of the def=ciencies in Travelers' scope, we employed The Howarth Group to app=aise the damage and to determine if any additional repairs are warranted a= a result of the wildfire soot, smoke, char and extensive particulate residue that inundated our building during the Gatlinburg fire= that included hurricane force winds for extensive periods of time.  =he Howarth Group commissioned Forensic Building Science, Inc. (FBS) to com=lete tests and sampling to obtain lab

results that could establish where the soot/char and particulate was still present and causing the odor problems. According to the FBS report, it took 18 samples at various locations throughout the building and in 20 of the 20 test locations the positive presence of soot and/or char was found.

Based on our August 22 letter, it appears that Travelers' response is simply to ignore the FBS test results, deny us our right to appraisal in the policy, and tell us to simply live with the problem and go away. Travelers did bring an IH to the site but would not allow him to take any samples of his own for some reason. He was only allowed to use his nose and eyes to test for the presence of soot/char and particulate on already cleaned surfaces, which is not proper and certainly not in good faith.

This will serve as notice of our intent to sue for bad faith if you do not allow my full claim to move forward through the appraisal process and otherwise honor the insurance policy which Travelers issued to us. No one can reasonably dispute that we have insurance coverage for soot deposits and FBS' tests have confirmed the presence of soot in places for which you have not paid to clean or properly repair. I am perfectly willing to just let the appraisal process run its course so that we can put an end to this, but if you are unwilling to do that, then we will pursue all options available under the law, including bad faith remedies. This letter is intended to be a formal demand for payment and for full compliance with the terms of the policy, including its appraisal clause. This demand is being made to afford Travelers an opportunity to reconsider its position, to give notice of our intent to assert a clause of action for bad faith if the claim and appraisal demand are not honored, and that we will seek statutory damages for bad faith if Travelers refuses to honor its obligations. Please respond accordingly.

=div class="m_-3517675918756179165WordSection1">

--

Best,

Mahavir Patel

865.3=6.6181

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

--
Best,

[Mahavir Patel](#)
[865.356.6181](#)